ON REHEARING
Before REGAN, YARRUT, SAMUEL, CHASEZ and HALL, JJ.
SAMUEL, Judge.
In the original opinion this court held the applicable prescriptive period was five years under LSA-C.C. Art. 3540 for the *881 reason that this action is on a non-negotiable promissory note and therefore is included within the provisions of that article which cover “ * * * all promissory notes, whether negotiable or otherwise, * * * »
An alleged payment having been made on the indebtedness by the defendant on July 25, 1955, and as this suit was filed on December 10, 1959, a period of more than three years and less than five years has run. Thus the sole issue presented is whether the prescriptive period of five years, under LSA-C.C. Art. 3540, or of three years, under LSA-C.C. Art. 3538, is applicable.
Article 3540 reads as follows:
“Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by indorsement or delivery, and those on all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable.” LSA-C.C. Art. 3540.
The pertinent portion of Article 3538 reads as follows:
“The following actions are prescribed by three years:
* $ ‡ ‡ ‡ ‡
“That for the payment of money lent. * * * ” LSA-C.C. Art. 3538.
As stated in the original opinion, the instrument, which is drawn to the maker’s own order but is not indorsed by him, does contain a promise to pay a sum certain on demand; and all the essentials of a negotiable promissory note are present except indorsement by the maker. But without the indorsement the instrument contains only a promise to pay to the maker himself and to no one else. This is not sufficient to make it a promissory note, an indispensable part of which must be a promise of payment made by one person to another. A bare promise to pay to “MYSELF”, i.e., a promise by the maker to pay to himself alone, is not an enforceable obligation in itself ; no action can be maintained thereon; and there is no action to prescribe. It is the indorsement by the maker which, by operation of law, converts the instrument to a promise to pay another. The absence of an indorsement not only prevents the instrument in the instant case from being a negotiable promissory note under a specific pYo-vision of LSA-R.S. 7:184, it also prevents it from being a non-negotiable promissory note. Without the indorsement it is incomplete as a note and cannot, as such, be enforced against the maker.
The case of Succession of Rabasse, 49 La.Ann. 1405, 22 So. 767, which was not called to this court’s attention prior to application for rehearing, is in point. The instrument involved in Rabasse was payable to the maker’s own order and signed but not indorsed by the decedent, an instrument similar in all pertinent respects to the one with which we are here concerned. The question of negotiability was there neither material nor considered by the court, which rejected a claim against the succession based on the instrument both as a note and as a donation. The rationale of the decision is to be found at page 1425 of the Annual citation and at page 775 of the Southern, where the court said:
“We agree with the district court that the instrument declared on can be sustained neither as a contract to do nor a contract to give, — neither as a note nor as a donation. The instrument, by its very terms, shows that it was contemplated that an additional act would have to be performed in order to make it, as such, a perfected instrument. Civ.Code, arts. 1905, 1906. An instrument by which the maker engages to pay a certain sum of money on the order of the maker, which has never received the indorsement, upon the fact of which indorsement alone a promise of payment had been made, is incomplete, and in that condition could not, as a note, be enforced against the maker. Delivery by the maker to a *882 particular person, even though accompanied by words indicative of a gift or donation of the same, does not stand in lieu of, is not a substitution for, nor is it the equivalent of, an indorsement. The situation does not correspond at all with that of the delivery by the holder of a note, to whose order it was payable, to a third person, accompanied by words of assignment. In the one case there would be a verbal assignment of a perfected thing; in the other, of a thing which would pass into the hands of the party who had received it, with something requiring still to be done to give it existence.” (emphasis added).
We are now of the opinion that the instrument upon which this action is brought is not a promissory note, negotiable or otherwise, within the intent and meaning of Article 3540 of the Civil Code and that the three year prescriptive period for the payment of money lent, Civil Code Article 3538, is applicable and bars recovery by the plaintiff.
Our original decree is recalled and annulled and the judgment appealed from is affirmed; costs in this court to be paid by the appellant.
Original decree recalled and annulled; judgment appealed from affirmed.